LaROSE, Judge.
S.H. argues that the trial court erroneously terminated his parental rights to his four children based solely on his incarceration. We have jurisdiction. See Fla. R.App. P. 9.146. We agree with S.H. and reverse.
The Department of Children and Family Services (DCF) filed an amended petition to terminate S.H.’s parental rights pursuant to section 39.806(l)(d)(l), Florida Statutes (2007). In pertinent part, the statute provides for termination of parental rights when the parent is incarcerated and the period of expected incarceration constitutes a substantial portion of time before the child will attain the age of majority. Id. DCF alleged no other grounds for termination.
DCF must satisfy section 39.806(l)(d)(l) with clear and convincing evidence. B.C. v. Fla. Dep’t of Children & Families, 887 So.2d 1046, 1054-55 (Fla.2004). The trial court must measure the time of remaining incarceration and minority from the date the petition for termination is filed. Id. at 1055. Here, DCF filed the amended petition when the children, who included twins, were two, three, and four years old. When S.H. is released from prison, the children will be eight, nine, and ten years of age.
In B.C., the supreme court deemed four years of remaining incarceration an insubstantial portion of time before the child, then four years old, would attain majority. Id. at 1048, 1055. “[T]he statutory language ‘requires the court to evaluate whether the time for which a parent is expected to be incarcerated in the future constitutes a substantial portion of the time before the child reaches eighteen, not whether the time the parent has been incarcerated is a substantial portion of the child’s life to date.’ ” Id. at 1052 (quoting J.P.C. v. Dep’t of Children & Family Servs. (In re J.D.C.), 819 So.2d 264, 266 (Fla. 2d DCA 2002) (emphasis supplied)). We have held that a father’s remaining eight-year incarceration did not constitute clear and convincing evidence of incarceration for a “substantial portion of time” before the child, then eight months old, reached the age of majority. J.H. v. Dep’t *318 of Children & Family Servs. (In re E.I.F.), 872 So.2d 924, 928 (Fla. 2d DCA 2004). Similarly, S.H.’s remaining term of incarceration cannot be the basis for termination under section 39.806(l)(d)(l). Accordingly, we must reverse the trial court’s order terminating S.H.’s parental rights.
Reversed.
CASANUEVA and WALLACE, JJ., Concur.