GRIFFIN, J.
 

 Father, J.W.B. [“Father”], appeals the trial courts order terminating his parental rights to his daughter, M.J. On appeal, Father, who is incarcerated, argues that the Department of Children and Families [“DCF”] failed to meet its burden of proving by clear and convincing evidence that his parental rights should be terminated. In addition, he submits that he received ineffective assistance of counsel. We affirm.
 

 M.J., born on June 28, 2006, came under the jurisdiction of the trial court when she was sheltered with DCF on July 11, 2006. She was placed with foster parents, who are now the prospective adoptive parents, two weeks after she was sheltered.
 

 The grounds set forth in the petition for termination included incarceration for a substantial portion of the period of time before child attains the age of eighteen. Under section 39.806(l)(d)l., Florida Statutes (2006), termination of a parent’s rights is authorized when “the period of time for which the parent is expected to be incarcerated will constitute a substantial portion of the period of time before the child will attain the age of 18 years.” Father has been incarcerated since the child’s birth and has never seen her or provided any financial support.
 

 DCF filed the petition for termination on October 18, 2007, when the child was approximately sixteen months old. Father testified that he expected to be released from prison in the year 2018, although there was testimony concerning the possibility of early release. When Father is scheduled to be released from prison, the child will be approximately twelve years of age.
 

 In B.C.
 
 v. Florida Department of Children & Families,
 
 887 So.2d 1046 (Fla.2004), the court utilized percentages to determine what constitutes a “substantial portion” of time for purposes of section 39.806(l)(d)l. It determined that the father’s remaining four years of incarceration was not a substantial portion of time before the child, then four years old, attained majority.
 
 Id.
 
 at 1048, 1055. “[T]he statutory language ‘requires the court to evaluate whether the time for which a parent is expected to be incarcerated in the future constitutes a substantial portion of the time before the child reaches eighteen, not whether the time the parent has been incarcerated is a substantial portion of the child’s life to date.’ ”
 
 Id.
 
 at 1052
 
 (iquoting J.D.C. v. Dep’t of Children & Family Servs.,
 
 819 So.2d 264, 266 (Fla. 2d DCA 2002)).
 
 See In re S.H.,
 
 992 So.2d 316 (Fla. 2d DCA 2008);
 
 J.H. v. Dep’t of Children & Family Servs.,
 
 872 So.2d 924, 928 (Fla. 2d DCA 2004).
 

 
 *1193
 
 In the present case, the percentage is sixty percent. We conclude that sixty percent is a “substantial portion” of the time before M.J. reaches eighteen years of age. Moreover, in
 
 B.C.,
 
 the supreme court explained that the effect of incarceration on the parent-child relationship must also be considered in light of other statutory and constitutional requirements.
 
 B.C.,
 
 887 So.2d at 1054. Consideration of this factor reinforces the trial court’s decision to terminate Father’s parental rights. Due to his incarceration, Father has never seen this child. He has had no contact with the child nor has he provided any financial support. The child has resided with the prospective adoptive parents since she was two weeks old and their home is the only home she has known.
 

 AFFIRMED.
 

 EVANDER and LAWSON, JJ., concur.